**ZHEN YUE LI, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–40874–ag.

United States Court of Appeals, Second Circuit.

Oct. 13, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

For Respondent: Because the Court did not receive a timely brief from the respondent, this case has been decided without the benefit of respondent's arguments. See Local Rule § 0.29(d).

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. DENNIS JACOBS, Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Petitioner Zhen Yue Li, a native and citizen of the People's Republic of China, seeks review of an October 28, 2003 order of the BIA affirming the July 23, 2002 decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Zhen Yue Li*, No. A 73 054 766 (B.I.A. Oct. 28, 2003), *aff'g* No. A 73 054 766 (Immig. Ct. N.Y. City July 23, 2002). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

Substantial evidence supports the IJ's determination that Li failed to meet his burden of proof to establish eligibility for asylum and withholding of removal. Li testified that, in July 1992, Chinese officials twice warned him and other church members not to practice Christianity or distribute related pamphlets, but that they continued to carry out these activities. Li testified that the village chief fined him 400 yuan in October 1992. He indicated that when he did not pay the fine, the officials approached him every day to tell him to pay the fine, and that he eventually left China in February 1993.

Based on these circumstances, Li failed to present evidence that his experiences amounted to anything more than "mere

harassment" or "unjust" treatment. *Ivanishvili v. U.S. Dep't,* 433 F.3d 332, 341 (2d Cir.2006); *Tian–Yong Chen v. INS,* 359 F.3d 121, 127 (2d Cir.2004). Moreover, Li's contention that the IJ failed to consider the imposition of the fine within the context of the authorities having demanded that he cease convening to worship is unavailing. Before discussing the 400 yuan fine, the IJ specifically observed that Li stated that the Chinese authorities warned him on several occasions to discontinue his practice of Christianity.

Further, despite Li's argument that it is likely that he would face harsher treatment, such as imprisonment, if he returns to China because he was previously targeted by the Chinese government on account of his religious practices, Li has presented no evidence to this effect. He failed to claim that the authorities ever threatened him, or sought to arrest or detain him. Although he testified that he had heard about other people in China having been jailed because of their religious practices, he was unable to identify any of them. He could only state that he "believed" that people had been arrested in his village. In light of the absence of any indication that the authorities intended to penalize Li beyond imposing a fine that he did not pay, his fear of persecution in the form of arrest and detention is "speculative at best." *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005).

Additionally, substantial evidence supports the IJ's determination that Li was ineligible for protection under the CAT. Li failed to present any evidence that he would more likely than not be subject to torture if he returned to China. *See Khouzam v. Ashcroft,* 361 F.3d 161, 168 (2d Cir.2004).

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, Li's pending motion for a stay of removal in this petition is DENIED as moot. Li's pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).